IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIE LUCKETT, | ) |
| | ) |
| Plaintiff, | ) Case No.: |
| | ) |
| v. | ) |
| | ) Amended Complaint for violation of Civil |
| CITY OF CHICAGO POLICE | ) Rights and State Supplemental Claims |
| OFFICERS J. CUNNINGHAM, STAR | ) |
| NO. 9871, M. PATRUNO, STAR NO. | ) |
| 18814, C. MALONEY, STAR NO. | ) **JURY DEMANDED** |
| 13032, R. PAGE, STAR NO. 11349, J. | ) |
| COLLAZO, STAR NO. 11471, E. | ) |
| ACEVEDO, STAR NO. 13560, H. | ) |
| DIAZ, STAR NO. 18700, J. LOPEZ, | ) |
| STAR NO. 7613, UNKNOWN AND | ) |
| UNNAMED CITY OF CHICAGO | ) |
| POLICE OFFICERS, and THE CITY OF | ) |
| CHICAGO, | ) |
| | ) |
| Defendants. | |

**AMENDED COMPLAINT**

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times herein mentioned, Plaintiff WILLIE LUCKETT (hereinafter "Plaintiff"), was and is a citizen of the United States and was within the jurisdiction of this court.

4. At all times herein mentioned, Defendants City of Chicago Police Officers CUNNINGHAM; PATRUNO; MALONEY; PAGE; COLLAZO; ACEVEDO; DIAZ; LOPEZ

1

Case: 1:19-cv-07132 Document #: 29 Filed: 02/07/20 Page 2 of 7 PageID #:80

and unknown and unnamed officers (hereinafter "Defendants"), were employed by the City of Chicago Police Department and were acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. These Defendants are being sued in their individual capacities.

5. At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the CITY OF CHICAGO maintained, managed, and/or operated the CITY OF CHICAGO Police Department.

## FACTUAL ALLEGATIONS

6. Plaintiff is a resident of Canton, Mississippi and on or around the weekend of August 10, 2018 he traveled to the City of Chicago, County of Cook, Illinois to attend a family gathering.

7. On or around August 11, 2018, Plaintiff was lawfully inside his brother's house located at 632 N. Monticello Avenue in the City of Chicago, County of Cook, Illinois.

8. At that date, time and place, Defendants Cunningham and Patruno illegally entered the residence where Plaintiff was located and conducted an illegal search of the residence.

9. Defendants did not have a search warrant for the residence.

10. Defendants did not have consent to enter the residence.

11. Defendants did not knock or announce their office prior to forcibly entering the residence.

12. There was no legal or probable cause for the Defendants to enter the residence or conduct a search of the residence.

13. During the execution of the illegal search, Defendants recovered a firearm legally registered to Plaintiff's nephew.

14. The firearm did not belong to Plaintiff nor was it found on Plaintiff's person.

2

15. Plaintiff told Defendants that the handgun did not belong to him.

16. Despite the Defendants' knowledge that the handgun found in the illegal search of the residence was legally registered to another individual, that Plaintiff did not reside at the residence searched, and that the handgun was not found on Plaintiff's person or within his control, Defendants charged Plaintiff with unlawful use of a weapon by a felon.

17. Defendants did not have any reasonable reason to believe the gun either belonged to Plaintiff or was in his custody or control, and Defendants did not have probable cause to arrest Plaintiff for any crime.

18. On that date Plaintiff had not engaged in any criminal activity.

19. As a result of Defendants causing Plaintiff to be charged with a criminal offense he was subjected to a legal process, criminal prosecution, pretrial detention and/or deprivation of his liberty.

20. Defendants knew that the criminal prosecution, pretrial detention and/or deprivation of Plaintiff's liberty was based solely upon Defendants' false allegations that Plaintiff possessed a weapon, and thus Defendant's knew Plaintiff's prosecution, pretrial detention, and/or deprivation of Plaintiff's liberty were not supported by probable cause.

21. For ten months Plaintiff had to commute from Mississippi to Cook County, Illinois to attend court dates for his criminal prosecution brought on by Defendants' false allegations.

22. On June 5, 2019, Plaintiff was found not guilty by jury trial for the charges initiated and continued on the basis of Defendants' false allegations that Plaintiff possessed a firearm.

23. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, loss special damages, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

24. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

25. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I**
**PLAINTIFF AGAINST ALL INDIVIDUAL KNOWN AND UNKNOWN DEFENDANTS AND OTHERS, FOR UNREASONABLE SEIZURE**

26. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-five (25) hereat as though fully set forth at this place.

27. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

28. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendants violated Plaintiff's rights in the following manner: the seizure and/or arrest of Plaintiff was not supported by probable cause. These acts were in violation of Plaintiff's Fourth Amendment rights. Therefore, Defendants, in their individual capacity, are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### PLAINTIFF AGAINST ALL INDIVIDUAL KNOWN AND UNKNOWN DEFENDANTS AND OTHERS, FOR VIOLATION OF HIS FOURTH AMENDMENT RIGHTS THROUGH UNLAWFUL DETENTION

29. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-five (25) hereat as though fully set forth at this place.

30. Defendants subjected Plaintiff to criminal prosecution, a pretrial detention and/or deprivation of his liberty without probable cause.

31. Defendants did not have probable cause to believe Plaintiff had committed an offense or cause him to be subjected to any pretrial restriction of his liberty.

32. Defendants knew that Plaintiff's arrest, detention, and criminal prosecution were based solely upon Defendants' false allegation that Plaintiff had possessed a firearm.

33. All criminal charges against Plaintiff terminated in his favor when he was found not guilty at the conclusion of his trial on June 5, 2019.

34. As a result of the foregoing, Plaintiff has sustained damage.

35. By reason of the conduct of Defendants and each of them, Plaintiff was deprived of rights, privileges and immunities, secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

36. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendants violated Plaintiff's rights in the following manner: causing the Plaintiff to be subjected to pretrial detention that restrained his liberty without probable cause for the detention and in violation of Plaintiff's Fourth Amendment rights. Therefore, Defendants in their individual capacity, are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III
### PLAINTIFF AGAINST ALL INDIVIDUAL KNOWN AND UNKNOWN DEFENDANTS AND OTHERS, AND THE CITY OF CHICAGO FOR MALICIOUS PROSECUTION

37. Plaintiff incorporates and realleges paragraphs one (1) through twenty-five (25) hereat as though fully set forth at this place.

38. Defendants were employed by the City of Chicago, and maliciously commenced and caused to be continued criminal charges against Plaintiff.

39. Defendants initiated, facilitated, and/or continued this malicious prosecution by giving false police reports, and/or preparing and/or signing false criminal complaints and/or giving false statements to prosecutors for the purpose of causing the initiation and/or continuation of the criminal prosecution of Plaintiff.

40. The criminal proceedings terminated in Plaintiff's favor when he was found not guilty of all charges on June 5, 2019.

41. As a result of being prosecuted for these crimes Plaintiff was injured emotionally, financially, and otherwise.

42. The City of Chicago is liable to Plaintiff for the acts of Defendants pursuant to the doctrine of *respondeat superior*.

43. Therefore, Defendants and the City of Chicago are liable to Plaintiff under the supplemental state law claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That individual Defendants and each of them and other unnamed and unknown Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That these same Defendants be required to pay Plaintiff's special damages;

3. That these same Defendants other than the City of Chicago be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the individual Defendants and each of them and other unnamed and unknown Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY:   s/ Jaclyn N. Diaz
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
jdiaz@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY:   s/Jaclyn N. Diaz
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
jdiaz@efoxlaw.com